**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 16-1153

—————

MICKEY CASTILLO,
                                        Appellant

v.

ALL JANE/JOHN DOES STAFF/SUPERVISORS FROM
PA COURT OF COMMON PLEAS CLERK OF COURTS;
ALL JANE/JOHN DOES STAFF/SUPERVISORS FROM
PA SUPERIOR COURT CLERK OF COURT STAFF;
ALL ANONYMOUS JANE/JOHN DOES IN PA SUPREME
COURT CLERK OF COURT STAFF;
KELLY SCHNEIDER, Esquire/Law Clerk;
MARY A. GRAYBILL, Esquire - Deputy Prothonotary

—————————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-15-cv-00909)
District Judge:  Honorable A. Richard Caputo

—————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 16, 2016
Before:  CHAGARES, KRAUSE and ROTH, Circuit Judges

(Opinion filed: December 22, 2016)

—————

OPINION*

—————

PER CURIAM

———————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mickey Castillo, proceeding pro se and in forma pauperis, appeals from the order of the United States District Court for the Middle District of Pennsylvania dismissing his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm the District Court's judgment.

Castillo's action, which he filed under 42 U.S.C. § 1983, stems from events surrounding a 2011 petition that he initiated in Pennsylvania state court pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. §§ 9541, et seq.[1] Specifically, Castillo alleged that various state court clerks, prothonotaries, and members of their staffs failed to docket several pro se filings that he submitted in support of his PCRA petition (and subsequent appeals from the denial of relief by the trial court), thereby violating his right of access to the courts. Castillo admitted that some of his pro se filings had been rejected because he was already represented by counsel and thus, the state courts would not entertain hybrid representation. He admitted that other pro se filings had been rejected because he attempted to submit them months after the Pennsylvania Supreme Court had issued its final judgment and closed his case.[2]

---

[1] In that PCRA petition, Castillo challenged the validity of his 2010 guilty plea and sentence in the Luzerne County Court of Common Pleas.

[2] Castillo admitted that he was repeatedly informed that his pro se documents would be forwarded to his appointed counsel, unfiled, pursuant to the Pennsylvania courts' rule against hybrid representation.

Adopting the report and recommendation of a magistrate judge, the District Court dismissed Castillo's complaint upon screening it under § 1915(e)(2)(B),[3] determining that his claims were either barred by the doctrine of quasi-judicial immunity or failed to state a claim for relief.

Castillo timely appealed. We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's decision to dismiss Castillo's complaint de novo, see Allah, 229 F.3d at 223. We may affirm the District Court's decision for any reason supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citation omitted).

The District Court correctly determined that Castillo's complaint was subject to dismissal for its failure to state a claim for relief.[4] Practically, Castillo's complaint concerns a Pennsylvania litigant's right to represent himself on appeal. However, there is no such right under the federal constitution. Although such a right does exist at the trial level, that right does not extend to appeals. See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist., 528 U.S. 152, 154, 163-64 (2000). And rules limiting hybrid representation (in which a litigant proceeds simultaneously by counsel and pro se) are

---

[3] A court is required to dismiss an in forma pauperis action if it determines that it, inter alia, fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The legal standard for dismissal under that provision is the same as that for dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, the facts as plead must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

[4] Because we affirm on these grounds, we need not address whether the named defendants were also entitled to quasi-judicial immunity from Castillo's suit.

3

constitutionally acceptable in both the appellate and trial contexts. See United States v. Turner, 677 F.3d 570, 578-79 (3d Cir. 2012); see also McKaskle v. Wiggins, 465 U.S. 168, 183 (1984).

Moreover, Castillo's complaint falls short of the basic pleading standard for asserting his claims. Indeed, he fails to allege an actual injury regarding his First Amendment access-to-courts claim, which is a fatal flaw. See Monroe v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008). Castillo does not dispute that his pro se documents were forwarded to his court-appointed attorney for consideration. Nor does he assert that his court-appointed attorney was precluded from filing those documents on his behalf. In addition, Castillo was not injured by the Defendants' alleged failure to file certain documents that he submitted months after the Pennsylvania Supreme Court had entered final judgment in his case. Castillo did not allege that his filings amounted to motions for reconsideration and thus, an appeal from the decision of the Pennsylvania Supreme Court decision should have been directed to the United States Supreme Court. See United States Supreme Court Rule 13.

We are satisfied that amendment to Castillo's complaint would be futile, and thus conclude that the District Court properly dismissed the complaint with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Accordingly, we will affirm the District Court's judgment.

4